UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY, Individually,
    Plaintiff,                              Case No. 6:17-cv-01579-PGB-DCI

v.

BINDI, INC.,
    A Florida Corporation,
    dba P & K FOOD STORE
        Defendants.          /

**AMENDED COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby files this Amended Complaint against the Defendant, BINDI, INC. doing business as P & K FOOD STORE, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. Plaintiff requires that handicap parking spaces, access aisles and accessible routes be sufficiently wide and level so that she doesn't tip or fall over. She requires that ground surfaces be free of cracks, holes, or breaks and otherwise free of hazards as the same poses a danger of catching her wheels or tipping. She requires that curb approaches and

   ramps are properly sloped and are not too steep for her to climb or descend. She requires that ramps have proper handrails so that she can use them securely. She requires that dining and seating facilities have accessible tables. She requires that transaction counters be lowered and are not too high for her to use. She requires that routes to merchandise, tables, restrooms and other features of a facility be sufficiently wide and free of obstructions so that she can maneuver. In restrooms, she depends on proper grab bars to use the commode, flush controls on the wide side, sufficient maneuvering space, amenities she can reach, sink pipes that are properly insulated so that she doesn't burn or scrape her legs, operating hardware that she can use.

2. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a convenience store known as P & K FOOD STORE, and is in the County of BREVARD located at 3350 SOUTH PARK AVENUE, TITUSVILLE, FLORIDA 32780. Plaintiff is a frequent traveler to this area. She has been there more than seventy times in her lifetime and has visited the area approximately 25 times in the past several months, averaging more than twice a month.

3. Venue is properly located in the county of BREVARD because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of

        Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.     As the owner of the subject premises, Defendant is required to comply with the ADA. According to the property records, the building was first constructed prior to the effective date of the ADA, but that improvements were made after the effective date. As such, Defendant is and has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. At 28 CFR 36.304, the DOJ provides a non-exclusive list of barriers to be removed whose removal is readily achievable:

    (1) Installing ramps; (2) Making curb cuts in sidewalks and entrances; (3) Repositioning shelves; (4) Rearranging tables, chairs, vending machines, display racks, and other furniture; (8) Widening doors; (9) Installing offset hinges to widen doorways; (11) Installing accessible door hardware; (12) Installing grab bars in toilet stalls; (13) Rearranging toilet partitions to increase maneuvering space; (14) Insulating lavatory pipes under sinks to prevent burns; (15) Installing a raised toilet seat; (16) Installing a full-length bathroom mirror; (17) Repositioning the paper towel dispenser in a bathroom; (18) Creating designated accessible parking spaces.

    Any altered portions of the facility must be readily accessible to and usable by individuals with disabilities, to the maximum extent feasible, as required by 42 U.S.C. Section 12183. The applicable standard for compliance and accessibility is set forth in the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG") and 2010 ADA Standards. A barrier has been defined as any condition that does not conform with these standards. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG or 2010 ADA Standard to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. Plaintiff encountered the following violations at the P & K FOOD STORE. These violations include, but are not limited to:

I. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii. There is an insufficient number of compliant disabled parking spaces and access aisles, with missing access aisles, lack of compliant signage and missing disabled parking signage.

iv. There is a lack of compliant accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property with excessive slopes, non-compliant curb approaches, non-compliant ramps, abrupt changes in level, uneven ground surfaces, hazards on ground surfaces, and broken or cracked pavement/concrete.

v. There are non-compliant restrooms with non-compliant doorways, improper door hardware, lack of required clear floor space, insufficient maneuvering space, inaccessible commodes, lack of compliant grab bars, missing rear and side grab bars, flush controls on the wrong side, inaccessible sinks, improper sink hardware, unwrapped piping, poorly wrapped piping or piping falling all, obstructions, and improperly located amenities.

vi. The handicap parking spaces lack signs to prevent illegal parking. The spaces also prevent access aisles, preventing plaintiff from maneuvering from her vehicle. The curb ramp has steep edges and broken concrete, posing a danger of falling.  In the restroom, the commode lacks grab bars and the flush control is on the wrong side. The door and sink have improper hardware. The paper towel dispenser is too high. The restroom is too small for plaintiff to maneuver. There is no lowered section of the transaction counter.

8. Plaintiff visited the property on Feb. 28, 2017 and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. She plans to return in the near future, at a minimum within the next six months. The Plaintiff personally encountered and observed the barriers at the subject property described below which discriminate against her on the basis of her disability.

9. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendant's facility create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

       place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to fix all the violations referenced above, to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: /s/ Nadine A. Brown
Nadine A. Brown, Of Counsel
Thomas B. Bacon, P.A.
1073 Willa Springs Drive, Suite 1017
Winter Springs, Florida 32708
Tel: (407) 678-2224
esquirebrown@nadinebrownpa.com
Florida Bar#0123013

Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

**Certificate Of Service**

I hereby certify that a true and correct copy of the foregoing , along with a copy of the Default, Report And Recommendation, and Motion For Leave To File Amended Complaint, was served by U.S. Mail, postage prepaid, upon the Defendant via the officers listed in Sunbiz.org as set forth below this 14th day of May, 2018.

GAUTAM P  CHOKSHI
3350 PARK AVENUE
TITUSVILLE, FL 32780

By: /s/ Nadine A. Brown